IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ASHLEY RODRIGUEZ,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-2481-L-BT** |
| **HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,** | § § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

On August 4, 2025, the court identified jurisdictional deficiencies in Defendant's Notice of Removal regarding Plaintiff's citizenship and the amount in controversy, and directed removing Defendant Home Depot U.S.A., Inc. d/b/a The Home Depot ("Defendant") to file an amended notice of removal by August 18, 2025, that cured the jurisdictional deficiencies identified. Doc. 47. The court warned that Defendant's failure to do so would result in the *sua sponte* remand of this action to state court for lack of subject matter jurisdiction. For the reasons herein explained, the court *sua sponte* remands this action to state court for lack of subject matter jurisdiction based on its determination that all of the jurisdictional matters previously identified by it have not been cured by Defendant's Amended Notice of Removal (Doc. 48).

**I.    Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides

Memorandum Opinion and Order – Page 1

otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

## II.    Discussion

Defendant removed this action based on diversity jurisdiction. The jurisdictional deficiencies previously identified by the court pertained to Plaintiff's citizenship and the amount in controversy. Defendant's Amended Notice of Removal and related materials are sufficient to

establish Plaintiff's citizenship and show that the parties are diverse. Questions, however, remain as to whether the amount in controversy in this case exceeded $75,000 *at the time this action was removed to federal court*.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted). When, as here, the plaintiff does not allege a "specific amount of damages," but instead alleges a range of damages, the removing defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (*De Aguilar I*)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995) (*De Aguilar II*) ("[S]trictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000.") (citing and quoting *De Aguilar I*, 11 F.3d at 58). Likewise, evidence establishing the amount in controversy exceeds $75,000 is necessary when the court questions the amount in controversy allegation. *Dart*, 574 U.S. at 87-88.

The defendant can satisfy this burden by: (1) demonstrating that it is facially apparent from the plaintiff's petition that the claims likely exceed $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335 (citation omitted). "Removal, however, cannot be based simply on conclusory allegations" that are unsupported by facts, and "under any manner of proof, the jurisdictional facts that support removal must be judged *at the time of*

*removal*" such that "any post-petition affidavits are allowable only if relevant to that period of time." *Id.* (citation omitted and emphasis added).

Defendant's original Notice of Removal relied solely on Plaintiff's formulaic request for damages that are commonly included in state court petitions in personal injury cases such as this without setting forth sufficient facts in controversy that would support a finding that the amount in controversy is satisfied. Defendant correctly noted that Plaintiff alleges a range of monetary relief of more than $1,000,000. In its Order and Notice of Deficiency, the court explained that this allegation satisfies Texas Rule of Civil Procedure 47(c)'s procedural requirements for pleading damages, but it is insufficient to satisfy the amount in controversy in federal court because it is not facially apparent from Plaintiff's pleadings that any recovery would likely exceed $75,000 given the conclusory nature of her allegations regarding her injuries. In this regard, Plaintiff merely alleged that she "suffer[ed] severe personal injuries to her leg and body, generally" during a workplace accident, which the court determined was far too conclusory for it to conclude that the jurisdictional amount-in-controversy for Plaintiff's tort-based claims has been satisfied because "the nature and extent of Plaintiff's damages (*at the time this case was removed to federal court*) are too vague and, thus, unclear." Doc. 47. at 4 (emphasis added).

In its Amended Notice of Removal, Defendant again relies on the allegation in Plaintiff's Petition that more than $1,000,000 in damages is sought. In addition, Defendant relies on the affidavit of its counsel and Plaintiff's Fifth Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Plaintiff's Supplemental Disclosures"), dated June 27, 2025. Counsel's affidavit states that, as set forth in Plaintiff's Supplemental Disclosures, Plaintiff seeks $396,098.590 in economic damages, which include "past and future charges for medical treatment." Doc. 48-10. Plaintiff's Supplemental Disclosures include her Supplemental Response,

Second Supplemental Response, Third Supplemental Response, Fourth Supplemental Response, and Fifth Supplemental Response in which she states her economic damages resulting from her injuries, based on medical records, range from $186,496.83 in her Supplemental Response to $396,098.50 in her Fifth Supplemental Response. Doc. 48-14. Plaintiff's Supplemental Disclosures also state that medical billing records will be produced to Defendant, but none were submitted in connection with Defendant's Notice of Removal or Amended Notice of Removal, and nothing in the materials submitted by Defendant supports a finding that the amount in controversy exceeded the jurisdictional threshold of $75,000 **when the case was removed to federal court**. *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 888 n.2 (5th Cir. 2014) (explaining that subject matter jurisdiction is determined in a removed case "at the time the petition for removal was filed."). In other words, it is unclear from Plaintiff's Supplemental Disclosures whether any of the medical records referenced in this document existed before this action was removed to federal court and before Plaintiff made any of the forgoing disclosures.

Defendant also notes in its Amended Notice of Removal that Plaintiff seeks other categories of damages in addition to past medical expenses that will add to her damage allegation. This, allegation, though, fails for the same reasons because it is still unclear whether the amount in controversy exceeded $75,000 at the time of removal. Moreover, the factual basis for certain other damages is insufficient.

In addition to a negligence cause of action, Plaintiff's Petition includes claims for gross negligence and mental anguish, but there are no factual allegations in the Petition that would support claims for mental anguish or gross negligence under state law. To recover mental anguish damages in Texas, there must be direct evidence "of the nature, duration, or severity of [the] plaintiff's anguish, thus establishing a substantial disruption in the plaintiff's daily routine, or other

evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Pay & Save, Inc. v. Martinez*, 452 S.W.3d 923, 929-30 (Tex. App.—El Paso 2014, pet. denied) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)) (other citations omitted). Plaintiff is not required to come forward with evidence at the pleading stage, but Plaintiff's Petition contains no factual allegations that would support an award for mental anguish damages. Accordingly, any reliance by Defendant on Plaintiff's request for mental anguish damages to show that the requisite amount in controversy is satisfied for purposes of diversity jurisdiction is misplaced and insufficient to satisfy its burden as the removing party.

Under Texas law, exemplary damages are only recoverable for conduct resulting from: "(1) fraud; (2) malice; or (3) gross negligence." Tex. Civ. Prac. & Rem. Code § 41.003(a). For the purposes of exemplary damages, "gross negligence" is defined as an "act or omission" that:

> when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others . . . of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id.* § 41.001. Gross negligence has objective and subjective elements. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001).

> Under the objective component, "extreme risk" is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury. . . . The subjective prong, in turn, requires that the defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of its acts.

*U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137-38 (Tex. 2012) (citations omitted).

Thus, to state a claim for gross negligence and exemplary damages under Texas law, a plaintiff must allege facts that,

> 1) when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the

>   probability and magnitude of the potential harm to others and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*Id.* (citations omitted).

The Texas Supreme court has recognized that "[n]o exact line can be drawn between negligence and gross negligence," and generally "the situation must be such that 'the act would reasonably be thought to be highly dangerous.'" *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) (citing *Port Terminal R.R. Assoc. v. Richardson*, 808 S.W.2d 501, 513 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (inadequate "flagging" by railroad signalman did not constitute evidence of gross negligence, even though he knew of danger to approaching cars); *Terminix, Inc. v. Right Away Foods Corp.*, 771 S.W.2d 675, 681 (Tex. App.—Corpus Christi 1989, writ denied) (exterminator's use of twice the normal level of poison and his failure to adequately instruct the client on safety precautions did not constitute gross negligence); *Hylander v. Groendyke Transport, Inc.*, 732 S.W.2d 692, 695 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.) (no gross negligence found when truck driver, after suffering a tire blowout at night, reduced his speed to 30 m.p.h. and continued driving in the right-hand lane)).

The allegations in Plaintiff's Petition are insufficient to support a claim for gross negligence under Texas law. While Plaintiff asserts a claim for gross negligence and contends that she is entitled to punitive damages, the court determines that the following allegations in her Original Petition regarding the work-place incident at issue are too vague and do not rise to the level of "extreme risk" required for gross negligence, particularly in light of the forgoing authority:

>   4.03. On or about June 15, 2022, Plaintiff was working inside Defendant's premises. On this day—her second day on the job—Plaintiff was being trained on how to operate a forklift. Plaintiff had never operated a forklift before.
>
>   4.04 On this day, Plaintiff was assigned her own forklift and instructed by her co-worker trainer to follow him as they traversed through different isles on the

>    warehouse floor. While Plaintiff attempted to follow the trainer, her forklift made an abrupt and sudden uncontrolled left turn and struck a rack in the isle. Plaintiff's left foot became caught between the rack and the boxes on the rack and the forklift. This event caused Plaintiff to suffer severe personal injuries to her leg and body, generally.
>
>    4.05 Based on information and belief, the trainer who was training Plaintiff on this day was not supposed to be training employees like Plaintiff. Furthermore, based on information and belief, a similar situation like the incident in this case occurred previously with the trainer who was training Plaintiff on this day.
>
>    . . . .
>
>    **6.00 GROSS NEGLIGENCE CAUSE OF ACTION**
>
>    6.01 Defendant HOME DEPOT[] had actual knowledge of the dangerous conditions of the worksite but nevertheless allowed work to continue with conscience indifference to the rights, welfare and safety of Plaintiff and others similarly situated. Therefore, Defendant is guilty of gross negligence for which they should be held liable in punitive and exemplary damages to Plaintiff in an amount as found sufficient by the trier of fact.
>
>    6.02 Each and all of the foregoing acts or omissions on the part of Defendant, whether taken singularly or collectively, were a proximate cause of the occurrence in question and a direct and proximate cause of the injuries and damages sustained by the Plaintiff herein.

Doc. 1-5.

Even assuming that these allegations are sufficient to allege claims for damages based on mental anguish or gross negligence, the conclusory allegations in Plaintiff's Petition, which is only five pages in length, are insufficient for the court to quantify the potential monetary value at the time of removal of these or any other claims for damages based on past or future "physical pain, mental anguish, lost wages, loss of earning capacity, physical impairment, disfigurement, medical and hospital expenses" or punitive damages absent facts regarding the nature and extent of Plaintiff's injuries, which have yet to be revealed by any filing in this case.

Consequently, Defendant has not met its burden as the removing party of establishing that the amount in controversy for diversity jurisdiction is satisfied. Remand on this ground alone is

thus necessary, as the court "must presume that a suit lies outside [its] limited jurisdiction," *Howery*, 243 F.3d at 916, and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

### III.     Conclusion

As Defendant's Amended Notice of Removal fails to cure all of the jurisdictional deficiencies previously identified, the court *sua sponte* **remands** this action for lack of subject matter jurisdiction to County Court at Law No. 5, Dallas County, Texas, from which it was removed and **directs** the clerk of court to effect the remand in accordance with the usual procedure.

**It is so ordered** this 19th day of August, 2025.

Sam A. Lindsay
United States District Judge